UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DMITRY KRUGLOV,<br><br>  Plaintiff,<br><br>  v.<br><br>CUSTOMS AND BORDER PROTECTION,<br><br>  Defendant. | Civil Action No. 22-0260 (RDM) |

**DEFENDANT'S REPLY
IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

  This case involves a Freedom of Information Act ("FOIA") request made by Plaintiff, Dmitry Kruglov, to Defendant United States Customs and Border Protection ("CBP" or "Defendant"), a component of the Department of Homeland Security (the "Department"). As explained in detail in Defendant's motion for summary judgment and the accompanying declaration of Patrick Howard ("Howard Decl."), Branch Chief in the FOIA Division at CBP, Defendant reasonably and appropriately searched for responsive documents, provided all reasonably segregable records, and withheld only information that is properly exempt from release under FOIA Exemptions 6, 7(C), and 7(E). Defendant's motion for summary judgment included a *Vaughn* index that identifies each record from which information was withheld, describes the FOIA exemptions applied, and supplies the justification for each withholding.

  Plaintiff's opposition does not persuasively refute any of the arguments made in Defendant's motion. Defendant is entitled to summary judgment.

## ARGUMENT

This matter involves Plaintiff's FOIA request dated July 29, 2021, seeking "all files, records, reports, photos, and videos related to Plaintiff's border crossings between USA and Mexico in 2021." Howard Decl. ¶ 6, Ex. A. The request was entered into CBP's FOIA online tracking system on July 30, 2021, and given tracking no. CBP-2021-089225. Howard Decl. ¶ 7, Ex. B.[1]

Plaintiff's opposition makes no complaint about the scope and methodology of Defendant's search (*see generally* Opp'n) and only complains of redacted information as referenced in paragraphs 3-7 of his opposition. Opp'n at 5. Plaintiff also has not responded to Defendant's statement of material facts not in dispute, ECF No. 28-4, which facts thus are admitted.

### I.   Plaintiff Does Not Contest CBP's Search for Records, and Defendant's Statement of Material Facts is Admitted

In his opposition, Plaintiff does not contest Defendant's search for responsive records and does not respond to Defendant's Statement of Material Facts. Thus, summary judgment on the Defendant's search is warranted and the facts set forth in Defendant's Statement of Material Facts are admitted.

As stated in Defendant's motion, at pp. 11-13, Defendant conducted a reasonable and adequate search for responsive records. Plaintiff does not respond to this argument. In the absence of any dispute about the search's adequacy, this Court should not hesitate to deem the search adequate for the reasons explained in Defendant's motion (at pp. 11-13), the accompanying Howard Declaration, at ¶¶ 6-21, and Defendant's now uncontested statement of facts. These

---

[1]   Plaintiff has also filed in this case a document entitled "Notice of Motion to Compel Production" (ECF No. 32). That motion, which is the subject of a separate opposition being filed by Defendant this date, makes reference to a separate FOIA request submitted after October 31, 2023, and refences a different tracking number: CBP-FO-2024-039115. That request is not the subject of this litigation.

describe a reasonable and adequate search by the Defendant, and Plaintiff's silence in response is telling. As previously explained, CBP conducted searches that were reasonably calculated to uncover all responsive records requested by Plaintiff. Howard Decl. ¶ 20. As described in the Howard Declaration, at paragraphs 8-21, CBP searched: the e3 portal Record of Deportable/Inadmissible Aliens using Plaintiff's name and date of birth (*id.* ¶ 8); CBP's Analytical Framework using Plaintiff's name and date of birth (*id.* ¶¶ 9-11), CBP's Automated Targeting System (*id.* ¶¶ 12, 14-16), the Nogales port of entry, as that is where Plaintiff crossed the border (*id.* ¶¶ 13, 19), and CBP's TECS system (*id.* ¶¶ 14-16). As to fingerprint records, CBP did not locate any during CBP's search of CBP systems, and Plaintiff was told how to request records from the Biometric System maintained by the Department's Biometric Office and was directed to the website explaining how to request such records. *Id*. ¶¶ 18, 19.

As noted, Plaintiff failed to file a response to Defendant's Statement of Material Facts with citations to the record. Thus, Defendant's facts are admitted. Under Local Civil Rule 7(h), "[i]n determining a motion for summary judgment, the Court may assume that the facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of general issues filed in opposition to the motion." LCvR 7(h)(1). "Courts have made clear that 'when faced with a motion for summary judgment, a pro se plaintiff, just like a represented party, must comply with a court's rules regarding responses to statements of material fact and the need to identify record evidence that establishes each element of his claim for relief.'" *Anand,* 2023 WL 2645649 at *5 (quoting *Macleod v. Dep't of Homeland Sec.*, Civ. A. No. 15-1792 (KBJ), 2017 WL 4220398, at *7) (citing *Grimes v. Dist. of Columbia*, 794 F. 3d 83, 94 (D.C. Cir. 2015). Continuing application of this rule in the summary judgment context has been reaffirmed. *See Oviedo v. WMATA*, 948 F.3d 386, 397 (D.C. Cir. 2020) (deeming admitted

defendant's facts advanced in its statement of material facts, where pro se plaintiff failed to submit a separate statement specifically disputing such facts and failed to offer "a declaration or affidavit" to support his arguments).

This Court's *Fox/Neal* order, ECF No. 29, was sent to Plaintiff on January 30, 2024, and advised Plaintiff, among other things, that his opposition must be accompanied by a separate concise statement of genuine issues that responds to Defendant's statement of genuine issues. Plaintiff has failed to comply with the court rules and this Court's order; therefore, Defendant's Statement of Material facts is admitted, and, accepting those facts as true compels the conclusion that Defendant's search was adequate. Specifically, paragraphs 3-13, and 16-18 of Defendant's statement of facts describe the thoroughness and adequacy of Defendant's search and that "CBP has completed a thorough series of searches for records in CBP's systems that were reasonably calculated to produce all records responsive to Plaintiff's request." Defendant's statement of facts, ¶ 18, citing Howard Decl.¶ 20.

## II. Defendant Applied Appropriate Exemptions

Plaintiff's failure to follow the applicable summary judgment rules or respond to Defendant's statement of material facts notwithstanding, this Court may readily conclude that Defendant appropriately applied Exemptions 6, 7(C), and 7(E). Justification for the Exemptions was explained in Defendant's motion at pp. 13-24. The redactions were supported by the Howard Declaration at ¶¶ 23-25 for Exemption 6; ¶¶ 26-30 for Exemption 7(C); and ¶¶ 31-34 for Exemption 7(E). Further, the *Vaughn* index which accompanied the motion, Exhibit A, describes each record, the applicable exemptions, and the reasons for the redactions. Plaintiff's opposition has no response to these facts. Again, Plaintiff has failed to respond to the Defendant's statement of facts as to the applied exemptions, thus those facts are admitted.

Plaintiff's opposition is not a model of clarity. He appears to be arguing that the information he references in paragraphs 3-7 of his opposition points to inappropriate redactions in the records produced by Defendant. See Opp'n at ¶ 11. "Plaintiff argues[ ] that the redaction of items in 3-7 above is outside [the] intended scope of the statute." *Id*. In his conclusion, Plaintiff requests that the Court order the production of information redacted "as described in [nos.] 3-7 above." Opp'n at 5. Plaintiff states that the redacted items "included those that redacted not the content but even description of the content itself." Opp'n ¶ 3; that redacted items included content described as: "Referral Reason" (Opp'n ¶ 4); "Referral Comment" (Opp'n ¶ 5); "Referral Status" (Opp'n ¶ 6); and "Source" (Opp'n ¶ 7). Plaintiff provides nothing to the Court regarding these Exemptions, and it is not clear exactly what Exemptions he is referencing.

Here, CBP has provided a declaration and a *Vaughn* index (Ex. A) that thoroughly describe the exemptions invoked and the reasons for each, as well as the foreseeable harm that would result if the material were to be released. Further, Plaintiff has not responded to Defendant's statement of facts regarding the applied exemptions.

CBP asserted Exemption 6 to protect the personal privacy interests of government personnel, including the identities of personnel involved in law enforcement functions, and to protect the personal privacy interests of third parties. The information CBP withheld pursuant to Exemption 6 is exempted from disclosure because the privacy interests in that information outweigh the public interest in its disclosure. Howard Decl. ¶ 24; *Vaughn* index, Ex. A. CBP withheld, pursuant to Exemption 6, biographic and biometric personally identifiable information related to specific government employees, including names, signatures, and other identifiers, such as identifying numbers, that could identify government personnel, including CBP personnel

involved in the inspections of Plaintiff, and personally identifiable information of third parties. *Id; Vaughn* index., Ex. A.

Plaintiff's opposition in no way brings into question CBP's invocation of Exemption 6. Indeed, it does not even mention Exemption 6. Again, the Howard Declaration (¶¶ 23-25) and the *Vaughn* index (Ex. A) thoroughly describe the appropriateness of the Exemption 6 redactions and the harm that would result from release of the information. Plaintiff's opposition does not provide any countervailing public interest that can overcome the privacy interest of these individuals, whose information was redacted per Exemption 6.

Further, Defendant's statement of facts, to which Plaintiff has not responded, describes the application of Exemption 6 in paragraphs 22-24 and the reasons for the withholdings.

Plaintiff's opposition likewise fails to dispute Defendant's application of Exemption 7(C), which exempts from disclosure law enforcement records or information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Exemption 7(C) is even more protective of privacy interests than Exemption 6 and protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

The Howard Declaration and the *Vaughn* index clearly show that the information withheld under Exemption 7(C) was compiled for law enforcement purposes and directly implicates the privacy interests of law enforcement personnel and third parties and that CBP applied the correct balancing test required by the exemption. Howard Decl. ¶¶ 27-30; *Vaughn* index, Ex. A. CBP has determined that the release of the information would subject these individuals to an unwarranted invasion of personal privacy, which outweighs any public benefit to be gained by the release and would subject these individuals to harassment and danger. *Id; Vaughn* index, Ex. A.

Further, release of the information withheld under Exemption 7(C) would not shed light on the actions of CBP, and the privacy interests inherent in this information outweigh any conceivable public interest in the disclosure of this information.  Accordingly, for each piece of information withheld pursuant to Exemption 7(C), CBP made individual determinations that the individuals' right to privacy outweighs whatever public interest, if any, might exist in knowing this information. *Id.* ¶ 30.  Howard Decl. ¶ 29; *Vaughn* index, Ex. A.

As with Exemption 6, Plaintiff's opposition does not even mention Exemption 7(C). Plaintiff provides this Court with no reason to question the application of Exemption 7(C) and does not contest that the withheld information is contained in law enforcement records, protects the privacy of law enforcement personnel, and that there is foreseeable harm that would be visited upon those persons should the information be revealed.  Plaintiff also makes no showing that any public interest outweighs the identified privacy interests.

Further, Defendant's statement of facts, to which Plaintiff has not responded, describes the application of Exemption 7(C) in paragraphs 25-29 and the reasons for the withholdings.

Finally, Plaintiff's opposition provides this Court with no reason to question CBP's application of Exemption 7(E).  As stated in Defendant's motion at 22-23, disclosure of this information would reveal the manner, purpose and investigatory focus of law enforcement procedures and techniques utilized by CBP, including techniques utilized to identify violators and other persons of concern to law enforcement, and the information's release could undermine the procedures' and techniques' effectiveness.  Howard Decl. ¶ 34; *Vaughn* index, Ex. A.  Plaintiff's opposition does not call into question Defendant's application of Exemption 7(E).  Thus, for the reasons explained herein and in Defendant's motion, the withholdings should be upheld. Further, Defendant's statement of facts, to which Plaintiff has not responded, describes the application of

Exemption 7(E) in paragraphs 30-33 and the reasons for the withholdings.

## CONCLUSION

For the above reasons, those set forth in Defendant's motion, and in the Howard Declaration and *Vaughn* index, Defendant respectfully requests that this Court grant summary judgment in its favor.

Dated: June 14, 2024                     Respectfully submitted,

                                            MATTHEW M. GRAVES, D.C. Bar #481052
                                            United States Attorney

                                            BRIAN P. HUDAK
                                            Chief, Civil Division

By:        */s/ Thomas W. Duffey*
                                              THOMAS W. DUFFEY
                                              Assistant United States Attorney
                                              601 D Street, N.W.
                                              Washington, D.C. 20530
                                              (202) 252-2510
                                              Thomas.duffey@usdoj.gov

                                              *Counsel for the United States of America*